We'll begin this morning with case number 19-1548, United States v. Kenneth Schmitt. We'll hear first from Mr. Henderson. Thank you, Your Honor. May it please the Court. I'm Peter Henderson. I represent Kenneth Schmitt. Let me start with jurisdiction. I hope that our supplemental briefs have cleared up the issue, and my apologies for the brevity of our status report. The prison sentence has been served, but Mr. Schmitt still could have some benefit to a favorable ruling in this appeal. What is that benefit? The benefit is, well, what we would ask the Court to do is direct the district court to resolve this discretionary question of whether he should have gotten more credit for the time he spent in Indiana, and he could take that off of the term of supervised release. So the term of supervised release is not mandatory in this case. It's up to three years. The district court imposed the maximum three years. He could easily take two months off of that. Or, as in Pope v. Perdue, it might just provide fodder for a good argument later on under Section 3583E for an early termination of supervised release to say basically, I did two more months than I was supposed to. You should consider that in terminating supervised release early. So United States v. Trotter, Pope v. Perdue, I think make it pretty clear that that issue is not moved because a favorable decision will lead to some benefit for Mr. Schmidt. Mr. Henderson, can I ask you, just as a way of getting your perspective, which I value on how this confusion came about a bit, is it the product of a misunderstanding of the authority for the additional two months to be conferred? In other words, is it being sought in the name of a departure under 5K223, or is this more of a 3553A argument, or is it some hybrid of both? Well, it's sort of a hybrid of both. It is a 3553A argument in that the guidelines say just take the 11 months off. That's 5K2.23. And what Mr. Schmidt identified was, well, if you take 11 months off, I'm not going to get the full benefit because I actually served 11 months. And so an imposed sentence is different from a served sentence. And so that would be a request for a variance. And I think the Bang-Seng-Thong case sort of illustrates that, where the guidelines at this point are sort of academic. Really, these arguments are about reduce the sentence for the ultimate appropriate sentence. So that increment to account for the good time credit, if you will, that would be the product of a 3553A variance? Correct. That's right. And it would play in because ultimately it would be we think 97 months is the sentence sufficient but not greater than necessary rather than 99. So there was a lot of confusion here. Again, we think that the court ought to issue just a limited remand. Perhaps we can make sure that the district court gets the appellate briefs as well. How much time does he have left? He's out. So he has three more years on supervised release. That's what you're fighting about. That's what we're fighting about. That's right. Let me turn, though, to the condition of supervised release because that will affect him, I think, a little bit more. The condition here prohibits Mr. Schmidt from possessing glue. And I think that there's maybe a concern with psychoactive glue or inhalants, not abusing inhalants. We understand that concern. But when Mr. Schmidt brought up this concern about this is an overbroad condition to the district court, the district court clarified, no, I mean Elmer's glue, and if you want to use Elmer's glue, then all you need to do is call your probation officer. That doesn't accord with how this court looks at supervised release. Supervised release is supposed to give defendants specific conditions to place them on notice of what is prohibited and what is not. It's not to delegate to the probation officer the ability to essentially determine whether this person can have glue or not or any other sort of household substance. We think a more tailored version of the condition might just read something like you may not use a psychoactive substance that impairs mental and physical functioning for the purpose of intoxication. That seems to be the ill that the court is trying to prevent. It makes some sense in light of Mr. Schmidt's substance abuse history. But this condition is just overly broad. It sort of brings to mind Justice Scalia's problem with the residual clause to the Armed Career Criminal Act where he says, well, if you have a descriptive item, psychoactive substance, that standing alone maybe is fine. So if you have a phrase like shades of red, we can understand what that means. But when you then define that with confusing examples, so his example is fire engine red, light pink, maroon, navy blue, or other colors that otherwise involve shades of red, suddenly the entire definition becomes very confused. And here we have what are understandably prohibited substances, and then we throw in glue. And when Mr. Schmidt asked to clarify what do you mean, the district court said, yeah, Elmer's glue. You need to call your probation officer. So we think that's an unnecessary condition. It involves a greater deprivation of liberty than necessary. It's not appropriately tailored. It fails all of the considerations under both the cases, Kappas, Thompson, et cetera, and Section 3583B. Unless there are other questions, I'll reserve the rest of my time for rebuttal. You may. Thank you. Mr. Reitz. May it please the Court, Brian Reitz for the United States. I'd like to just briefly move through the three issues on the mootness. We agree with everything Mr. Schmidt has said here. He still has the possibility to obtain a benefit and a reduction of the supervised release condition if the court were to remand on the discretionary point. On the discretionary point, we think perhaps the easiest way to resolve this is harmless error. The judge said explicitly that he understood his discretion under 3553 and 5K2, and that he thought 99 months was the appropriate sentence. We think in light of Mr. Schmidt's recommendation for a limited remand, to clarify that issue, really everything that he requests has already occurred. If it were remanded and the district court judge said exactly that, brought it into court and said, I know that I have the discretion, but I believe that 99 months is the appropriate sentence, that would satisfy the limited remand. We think that's already happened and any error is harmless. On the supervised release condition, first of all the district court sought to employ the terminology suggested by this court in a number of cases, did so nearly verbatim. Glue is included necessarily because it is a psychoactive substance. We think that's tailored to Mr. Schmidt because he has polysubstance dependency. There's reason for the district court to be concerned about his substance abuse. If there are no questions further than that, the government would be happy to rest on his brief. All right. Thank you, Mr. Wrights. Mr. Henderson. Mr. Henderson, I have one question for you. I'm not meaning to nitpick on the transcript. I recall it a little bit differently than you do on the glue business. What it looks to me like the district court said is, no, we're not really talking about Elmer's glue. So if he's in a craft class or something like that and they're using Elmer's glue, no one's going to bring a violation, and if they do, I'm not going to be happy about that. So I didn't see him as kind of saying, well, Elmer's glue is covered, so get it all out of your house or something. I think he was assuming that Elmer's glue was covered, but so long as you talk to your probation officer about it, then you're fine, and I expect my probation officers to use common sense, which is the approach that was advocated for by the government in cases like Thompson, to say, look, let's just rely on common sense, and that approach was rejected because it's up to the judge to set the conditions, not the probation officer. So the way that I read it is the judge saying, look, we apply things in a common sense way. Yes, this includes Elmer's glue, but I don't expect anything to come of it. The last thing that I would say, the government thinks that the court has already said, I have discretion. The court said, I cannot do this. I cannot give him additional time. This is up to the Bureau of Prisons. That's not using discretion. That's disclaiming discretion. What about the statement at A28, the court, as I indicated, understands that it does have discretion here in considering 5K2.23 and credit for time previously served. It's part of his summing up remarks. He does use that phrase. Do you believe it's in a different context? I think it's in a different context, and this goes back to what Judge Scudder was asking about. That's 5K2.23. We know he understood he had the discretion there. It's about this subpart of the issue, about the extra two months. And we think, again, we think that the court ought to remand so that we can clarify this condition and even just strike glue as part of that limited remand. It makes sense to just make sure the judge knows he has the discretion to give these two months and let him make that determination. Thank you. Thank you. Thank you to both counsel. The case will be taken under advisement.